**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| VIPUL SHAH, DOLPH HAEGE, and SAMEMMA HOLDINGS, LLC, STEVE WIONS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CROWDSTREET, INC., TORE STEEN, and IAN FORMIGLE,<br><br>Defendants. | Civil Action No.: 1:25-cv-383-ADA-SH |

**DECLARATION OF JOSHUA B. KONS IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL INDIVIDUAL ARBITRATION, STAY THIS ACTION, AND STRIKE CLASS CLAIMS AND ALLEGATIONS**

I, Joshua B. Kons, am older than 21 years of age, have personal knowledge of these facts, and am competent to testify thereto.

1. I am an attorney who represents Plaintiffs Vipul Shah, Dolph Haege, Samemma Holdings, LLC, and Steve Wions in the above-captioned matter. I am duly licensed to practice law in the State of Connecticut and will be filing a motion to appear pro hac vice in this matter.

2. I have over 15 years of experience in securities litigation and arbitration matters, including but not limited to arbitration proceedings before FINRA Dispute Resolution, Inc. under the Code of Arbitration Procedure for Customer Disputes.

3. I have personally represented investors in multiple arbitration proceedings against Defendant CrowdStreet, Inc.

4. In 2024, my firm along with Stoltmann Law Offices, P.C., filed seven (7) arbitrations against CrowdStreet, Inc. and CrowdStreet Capital, LLC before FINRA Dispute Resolution Inc., under the FINRA Code of Arbitration Procedure for Customer Disputes.

5. Each of these FINRA arbitrations cited to the June 2022 Terms of Use as the applicable arbitration provision.

6. Based on my experience and personal knowledge, FINRA will accept and administer arbitration proceedings for non-FINRA member firms.

7. Based on my personal knowledge, I have seen arbitration clauses calling for FINRA arbitration in a variety of non-FINRA member agreements, including investment advisor agreements, private fund agreements, futures commodity merchant agreements, and foreign currency exchange agreements.

8. I have previously represented investors in the FINRA arbitration forum in disputes against non-FINRA members, such as registered investment advisors.

9. Each of the Claimants in these arbitrations sought to arbitrate in the FINRA forum citing the FINRA arbitration provision contained in what has been deemed Section 5.2 of the June 2022 Terms.

10. FINRA permitted the Claimants to proceed with the arbitration claims they filed before FINRA Dispute Resolution.

11. Attached as <u>Exhibit 1</u> are true and correct redacted copies of certain various written administrative determinations made by FINRA staff that arbitration before FINRA Dispute Resolution was mandatory for both CrowdStreet, Inc. and CrowdStreet Capital, LLC.

12. CrowdStreet subsequently objected to each of the administrative determinations made by FINRA.

13. A FINRA arbitration panel of three (3) arbitrators reviewed the objections by CrowdStreet and/or heard oral argument on the objections.

14. Four (4) of the seven FINRA arbitration panels ruled against CrowdStreet on its objections, thereby allowing the arbitrations to proceed in FINRA.

15. Attached as Exhibit 2 is a true and correct copy of a press release obtained on www.crowdstreet.com dated July 31, 2023.

16. Exhibit 2 indicates that CrowdStreet "will be launching its new broker-dealer model in the coming weeks."

17. Exhibit 3 is a true and correct copy of a full printout of a page from the crowdstreet.com website from the June 16, 2022 from Archive.org, from the following link: https://web.archive.org/web/20220122152019/https://resources.crowdstreet.com/knowledge/what-is-an-investing-entity

18. Exhibit 3 states that "[y]ou must have at least one investing account set up as a **requirement to submit an offer** to invest in a deal on our platform."

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 9th day of May 2025 in Weatogue, Connecticut.

_____
Joshua B. Kons