**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| VIPUL SHAH, DOLPH HAEGE, SAMEMMA HOLDINGS, LLC, and STEVEN WIONS, individually and on behalf of all others similarly situated, | § | Civil Action No.: 1:25-cv-383-ADA-SH |
| Plaintiffs, | § | |
| v. | § | |
| CROWDSTREET, INC., TORE STEEN, and IAN FORMIGLE, | § | |
| Defendants. | § | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTION TO REPORT AND RECOMMENDATION**

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), Defendants respectfully submit this response to Plaintiffs' objection (Dkt. 31 (the "Objection")) to Magistrate Judge Hightower's Order and Report and Recommendation (Dkt. 30) on Defendants' Motion to Compel Arbitration, Stay this Action, and Strike Class Claims and Allegations (Dkt. 11) (the "Motion to Compel") recommending that the Court compel arbitration and stay this action.

**THE OBJECTION SHOULD BE OVERRULED**
**AND THE REPORT AND RECOMMENDATION ADOPTED IN FULL**

The Report and Recommendation correctly found that an "arbitrator must determine whether Plaintiffs' claims fall under the Arbitration Provision" set forth in CrowdStreet's Terms of Use (the "Terms"). (Dkt. 30 at 11.) Plaintiffs take issue with this finding and argue that the express delegation in the Terms of "exclusive authority and jurisdiction" to an arbitrator "to make [the] determination of whether a dispute is arbitrable" does not apply because this case involves a "Brokerage Dispute." (*See* Dkt. 31 at 5.) But whether this case qualifies as a Brokerage Dispute as defined under the Terms is not something *Plaintiffs* get to decide. As Judge Hightower correctly found, "the clear terms of the delegation clause" at issue "require the arbitrator" to make that determination. (Dkt. 30 at 10.) The Court should adopt the Report and Recommendation in full.[1]

The centerpiece of the Objection is that the Report and Recommendation "contradicts and fails to follow" the Fifth Circuit's decision in *Archer & White Sales, Inc. v. Henry Schein, Inc.*, 935 F.3d 274 (5th Cir. 2019). (*See* Dkt. 31 at 10; *see id.* 11-12.) But because Plaintiffs did not

[1] Plaintiffs' statement of the applicable standard of review is incomplete. While *de novo* review is appropriate for any proposed findings or recommendations as to which Plaintiffs have specifically objected, the Court reviews all other portions of the Report and Recommendation for "clear error to determine whether they are contrary to law." *Whitinger v. UTMB*, No. SA-25-CV-00498-XR, 2025 WL 2060791, at *3 (W.D. Tex. July 23, 2025) (reviewing under clearly erroneous standard because plaintiff failed to interpose specific objections to magistrate's report); *see* 28 U.S.C. § 636(b)(1) (*de novo* review applies to parts of Report and Recommendation or findings "to which objection is made").

discuss or even cite *Henry Schein* in their opposition to the Motion to Compel (*see generally* Dkt 17), it is difficult to see how they can complain about the Report and Recommendation on this unargued basis now. Assuming *arguendo* Plaintiffs' briefing strategy does not amount to waiver, *see F.T.C. v. Namer*, No. 06-30528, 2007 WL 2974059, at *7 (5th Cir. 2007) ("a party who objects to a magistrate judge's report waives any legal arguments that were not made first before the magistrate judge"), *Henry Schein* does not conflict with Judge Hightower's findings.

In *Henry Schein*, the Fifth Circuit found that an arbitration clause did not clearly delegate questions concerning the arbitrability of a claim for injunctive relief to an arbitrator based on the unique syntax of the parties' agreement. 935 F.3d at 277. There was no separate delegation clause in the agreement as there is here, and the panel found that the parties had delegated "the threshold arbitrability inquiry to the arbitrator for at least some category of cases" by incorporating the AAA rules, which vest arbitrators with the authority to determine their jurisdiction over disputes. 935 F.3d at 280. The *Henry Schein* arbitration clause mandated that disputes "arising under or related to [the parties'] Agreement (except for actions seeking injunctive relief . . .) shall be resolved by binding arbitration in accordance with the arbitration rules of the" AAA. *Id.* at 277. The defendant argued that *Crawford Professional Drugs, Inc. v. CVS Caremark Corp.*, 748 F.3d 249, 262–63 (5th Cir. 2014), where the Fifth Circuit held that incorporation of AAA rules constituted "clear and unmistakable evidence . . . to arbitrate arbitrability" despite the fact that the arbitration agreement contained a carve-out for injunctive relief, was controlling because "the only difference" between the arbitration agreement in *Crawford* and the one in *Henry Schein* was "syntax—the ordering of words." *Henry Schein*, 935 F.3d at 281. But the panel rejected that argument, admonishing, "that is precisely the point—the placement of the carve-out here is dispositive." *Id.* Given that placement, the panel found that the "most natural reading of the

arbitration clause at issue here states that any dispute, except actions seeking injunctive relief, shall be resolved in arbitration in accordance with the AAA rules" and therefore the clause delegated arbitrability "for all disputes *except* those under the carve-out." *Id.* (original emphasis).

Here, by contrast, the arbitration clause and the delegation clause are not one and the same as they were in *Henry Schein.* And here, there is no carve-out for Brokerage Disputes or anything else in the delegation clause at issue. Thus, the syntax distinctions that prompted the *Henry Schein* panel to depart from *Crawford* are absent, and Judge Hightower correctly concluded that the delegation clause in the Terms requires the arbitrator to decide "whether a dispute is arbitrable" and "contains no exception for brokerage claims." (Dkt. 30 at 10.)

Indeed, the delegation clause here is more like the clause considered by the Fifth Circuit in *Crawford* than the arbitration provision in *Henry Schein*. In *Crawford*, the delegation clause (which, like the clause in *Henry Schein*, provided for both arbitration and the application of AAA rules) contained no carve out, but a separate sentence in the parties' agreement allowed for the pursuit of injunctive relief in court. 748 F.3d at 256. The *Crawford* court rejected the plaintiffs' argument that their claims, which sought injunctive relief, fell outside the scope of the arbitration clause and therefore outside the delegation of arbitrability. *Id.* at 263. Specifically, it held that, given the agreement to arbitrate arbitrability, "whether the Plaintiffs' claims are subject to arbitration must be decided in the first instance by the arbitrator, not a court." *Id.* Judge Hightower appropriately applied the same logic. (Dkt. 30 at 11.)[2]

[2] To the extent that the Court concludes that *Henry Schein* and *Crawford* cannot be harmonized, *Crawford* controls under the Fifth Circuit's rule of orderliness. *See Southwestern Electric Power Co. v. EPA*, 920 F.3d 999 (5th Cir. 2019) ("When precedents conflict, under our rule of orderliness, the earlier case controls." (internal quotation marks omitted)); *Mercado v. Lynch*, 823 F.3d 276, 279 (5th Cir. 2016) ("Under our rule of orderliness, one panel of our court may not overturn another panel's decision, absent an intervening change in the law, such as by statutory amendment, or the Supreme Court, or our *en banc* court." (internal quotation marks omitted)).

But even if there were some conflict between *Henry Schein* and the Report and Recommendation—and there is not—Plaintiffs' argument would still be unavailing because Texas law controls here, and the Texas Supreme Court has rejected *Henry Schein*'s reasoning.[3] In *TotalEnergies E&P USA, Inc. v. MP Gulf of Mexico, LLC*—a case relied upon by Judge Hightower (*see* Dkt. 30 at 11)—the Court considered whether an agreement incorporating "AAA rules only appl[ied] and thus only require[d] the arbitrator to decide arbitrability—if the parties have in fact agreed to arbitrate their dispute." 667 S.W.3d 694, 713 (Tex. 2023). The Texas Supreme Court acknowledged that *Henry Schein* had found that the arbitrability of a claim that fell within a carveout of the parties' arbitration clause should be determined by the court and stated, "[w]e reject this position." *Id.* at 713-14. It held that because there was "nothing" that limited the scope of the delegation, the fact that certain disputes were carved out of the arbitration agreement did "not affect the fact that the delegation agreement clearly and unmistakably requires the arbitrator to decide whether the present disputes must be resolved through arbitration." *Id.* at 719.

Moreover, Plaintiffs' attempt to fault Judge Hightower for failing to "consider much less find 'clear and unmistakable' evidence that the parties intended to delegate the issue of arbitrability *of the particular claims here*" (Dkt. 31 at 11 (original emphasis)) overlooks the language of the Report and Recommendation. Judge Hightower correctly found that "the delegation agreement *clearly and unmistakably requires* the arbitrator to decide whether the present disputes must be resolved through arbitration." (Dkt. 30 at 11 (emphasis added) (quoting *TotalEnergies*, 667

[3] Plaintiffs do not dispute that the Terms "are governed by Texas law" (Dkt. 17 at 6; *see* Dkt. 11-4, at 13), and under the Federal Arbitration Act (the "FAA"), "ordinary principles of state contract law determine whether there is a valid agreement to arbitrate." *Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 530 (5th Cir. 2019).

S.W.3d at 719.))[4] And Plaintiffs' suggestion that, after making this finding, Judge Hightower should have proceeded to "analyze Section 5.2" (Opp. at 11) is incorrect because where, as here, "there is a valid delegation, the court must grant the motion to compel." *Henry Schein*, 935 F.3d at 279. Having already found "that the delegation clause 'evinces an intent to have the arbitrator decide whether a given claim must be arbitrated,'" Judge Hightower could not analyze Plaintiffs' claims under Section 5.2 without running afoul of the parties' agreement. (Dkt. 30 at 10 (*quoting Kubala v. Supreme Prod. Servs., Inc.*, 830 F.3d 199, 202 (5th Cir. 2016).) *See Mendoza v. Fred Haas Motors, Ltd.*, 825 F. App'x 200, 203 (5th Cir. 2020) (granting motion to compel arbitration and expressing "no views on the scope of the arbitration agreement"); *Burstein v. AutoLotto, Inc.*, No. A-21-CV-793-LY, 2022 WL 1229291, at *6 (W.D. Tex. Apr. 26, 2022), *report and recommendation adopted*, No. 1:21-CV-793-LY, 2022 WL 3337808 (W.D. Tex. May 31, 2022) (finding that presence of a valid delegation clause meant the "Court cannot rule on the majority of the arguments Plaintiff raises . . . because the Arbitration Tribunal must rule on those issues in the first instance").

On this point, a decision issued by the Texas Supreme Court the same day that the Motion to Compel was fully briefed is instructive. In *Cerna v. Pearland Urban Air, LLC*, the Court considered whether an arbitration agreement that the plaintiff entered into when she initially visited

[4] Plaintiffs' contention that allowing an AAA arbitrator to decide whether their claims are arbitrable would lead to "an absurd result" because it would require them to "ask the AAA arbitrator to decide whether they should be proceeding in FINRA individually or, if they are to go to FINRA, then can they proceed as a putative class and go to Court" (Dkt. 31 at 11) is hyperbolic and incorrect. If an AAA arbitrator decides that Plaintiffs' claims are not Brokerage Disputes because they do not relate to the provision of Brokerage Services by FINRA member and non-party CrowdStreet Capital, LLC, those claims will proceed before AAA. And, in the unlikely event that the AAA arbitrator determines that Plaintiffs' claims against non-FINRA member CrowdStreet do qualify as Brokerage Disputes despite the fact that CrowdStreet Capital was not involved in the events giving rise to those claims, then Plaintiffs can seek to file their claims with FINRA.

a trampoline park in August 2020 compelled her to arbitrate claims related to an injury sustained by her son during a second trip to the park months later, in November. 714 S.W.3d 585, 587 (Tex. 2025). The Court found that, because the plaintiff did not dispute that she entered into the August agreement or that the agreement was valid, her challenge was "to the *scope* of the August agreement, not its *existence*." *Id.* at 590 (original emphases).[5] And, there, like here, the court refused to resolve the challenge because the parties' agreement delegated scope questions to an arbitrator. *Id.* at 590. The court held that allowing "judicial inquiry into the present dispute would subsume scope questions into existence questions, eroding enforcement of the parties' delegation provision" and "express[ed] no opinion on whether the August Agreement governs the November visit." *Id.*

Because the Report and Recommendation appropriately makes no findings as to the status of this case as a Brokerage Dispute, Plaintiffs' recycled argument in Section IV of the Objection that the case is a "Brokerage Dispute" (*compare* Dkt. 31 at 13-14 *with* Dkt. 17 at 17, 19) is improper and need not be considered. Objections "must *specifically* identify those findings objected to" and those that do not are "properly disregarded." *Green v. Snap RTO LLC*, No. 4:23-CV-04452, 2024 WL 1903928, at *1 (S.D. Tex. Apr. 30, 2024) (original emphasis); *see Smith v. Collins*, 964 F.2d 483, 485 (5th Cir. 1992) (finding "no basis for reversal" where court failed to consider objections that "merely reurged the legal arguments . . . raised in . . . original petition").[6]

---

[5] Plaintiffs have never contested the existence of a valid arbitration agreement and the Objection does not challenge Judge Hightower's findings in this regard. (*See* Dkt. 30 at 8 ("Plaintiffs do not dispute that they entered into arbitration agreements" with CrowdStreet); *id.* ("Plaintiffs do not dispute that Defendants have met their burden to show that the parties entered into a valid arbitration agreement").) Nor are such findings clearly erroneous. *See Whitinger*, 2025 WL 2060791, at *3 (findings to which no specific objection is raised are reviewed for clear error).

[6] Should the Court consider the argument, CrowdStreet respectfully refers the Court to Section II of Defendants' Reply for a complete discussion of why Plaintiffs' claims do not fall within the definition of Brokerage Disputes in the parties' agreement (*see* Dkt. 22 at 5-7), and notes that the

Finally, Plaintiffs' argument that the arbitration clause is ambiguous and should be construed against CrowdStreet under the *contra proferentem* doctrine (Dkt. 31 at 13) is also without merit. First, there is nothing ambiguous about the delegation of "the exclusive authority and jurisdiction to make [the] determination of whether a dispute is arbitrable" to the AAA arbitrator. *FPL Energy, LLC v. TXU Portfolio Mgmt. Co., L.P.*, 426 S.W.3d 59, 63 (Tex. 2014) (where a contract can be given a "clear and definite legal meaning . . . it is not ambiguous as a matter of law"). In any event, as set forth in the Report and Recommendation, under the FAA "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration," even when "the problem at hand is the construction of the contract language itself." (Dkt. 30 at 4 (*quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983)); *see also Robinson v. Home Owners Mgmt. Enters., Inc.*, 549 S.W.3d 226, 242 (Tex. App. 2018), *aff'd*, 590 S.W.3d 518 (Tex. 2019) (rejecting argument arbitration clause should be construed against drafter).[7]

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court overrule the Objection in its entirety and adopt Magistrate Judge Hightower's Report and Recommendation as its own order compelling arbitration and staying this action.

---

revised numbering scheme for the arbitration clause that Plaintiffs have adopted to support their arguments in the Opposition (*see* Dkt. 31 at 4-5) constitutes an impermissible rewriting of the parties' agreement. *See, e.g., Am. Mfrs. Mut. Ins. Co. v. Schaefer*, 124 S.W.3d 154, 162 (Tex. 2003) (courts "may neither rewrite the parties' contract nor add to its language").

[7] Plaintiffs do not challenge the applicability of the FAA to this action in the Objection.

Respectfully submitted,

By: _/s/ Amy Pharr Hefley_
Amy Pharr Hefley
Baker Botts, L.L.P.
State Bar No.: 24046046
910 Louisiana St.
Houston, TX 77002
(713) 229-1234 (tel.)
(713) 229-1522 (fax)

Daniel B. Rankin
State Bar No.: 24116940
401 S. 1st St., Suite 1300
Austin, TX 78704
(512) 322-2500 (tel.)
(512) 322-2501 (fax)
amy.hefley@bakerbotts.com
daniel.rankin@bakerbotts.com

-AND-

Gabrielle L. Gould (*pro hac vice*)
Elizabeth M. Zito (*pro hac vice*)
Claire Daly (*pro hac vice*)
Goodwin Procter LLP
New York Times Bldg,
620 8th Ave.
New York, NY 10018
(212) 813-8800 (tel.)
(212) 355-3333 (fax)
ggould@goodwinlaw.com
ezito@goodwinlaw.com
cdaly@goodwinlaw.com

**Attorneys for CrowdStreet, Inc., Tore Steen, and Ian Formigle**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of August 2025, I electronically filed the foregoing using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Amy Pharr Hefley*
Amy Pharr Hefley