**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| VIPUL SHAH, DOLPH HAEGE, and SAMEMMA HOLDINGS, LLC, STEVE WIONS, individually and on behalf of all others similarly situated, | § | Civil Action No.: 1:25-cv-383-ADA-SH |
| Plaintiffs, | § | |
| vs. | § | |
| CROWDSTREET, INC., TORE STEEN, and IAN FORMIGLE, | § | |
| Defendants. | § | |

**JOINT STATUS REPORT**

Plaintiffs Vipul Shah, Dolph Haege, Samemma Holdings, LLC, and Steven Wions ("Plaintiffs"), and Defendants CrowdStreet, Inc., Tore Steen, and Ian Formigle (together, "Defendants") hereby submit their respective positions as a Joint Status Report:

**<u>Plaintiffs' Position</u>**

On August 8, 2025, the Honorable Alan D. Albright entered an Order Adopting the Report and Recommendation of the Magistrate Judge Susan Hightower (the "Order") and granting Defendants' Motion to Compel Arbitration. Defendants had also sought to strike Plaintiffs class allegation for proceeding as a class action. The Magistrate denied Defendants motion to strike the class allegations and made clear it was not ruling on whether the Plaintiffs could eventually proceed as a class. The Order adopted all of the Magistrate's rulings in full, including its ruling denying the motion to strike the class action. Plaintiff does not believe that Judge Albright pre-determined, contrary to the Magistrate's ruling that it adopted in full, that this case could never proceed as a class, especially before any arbitrator decided the threshold questions of arbitrability

and whether the case involved a Brokerage Dispute under the Terms of Service. Judge Albright further Ordered that this proceeding be stayed pending the resolution of arbitration, and that the parties file a status report every 90 days from the date of the Order.

Each of the Plaintiffs Shah, Haege, and Wions have initiated arbitration proceedings with the AAA, and Defendants have filed their Statement of Answer in each of the three arbitration proceedings (the "Arbitrations"). The parties have received a ruling in each of the arbitrations on the threshold issue of which dispute resolution provision applies.

In the *Vipul Shah v. CrowdStreet, Inc. et al.* arbitration, the arbitrator ruled in Claimant Shah's favor that (i) the June 15, 2022 Terms of Use applied to the dispute at issue; (ii) that the dispute constitutes a "Brokerage Dispute" within the meaning of Section 5.2 of the Terms; and (iii) dismissed the arbitration. As a result, under Section 5.2 of the June 15, 2022 Terms of Use, Plaintiff Shah's Brokerage Dispute should proceed in this Court as putative class action. Defendant cannot compel Plaintiff Shah to proceed in arbitration rather than in this Court because the Terms of Service require that any brokerage dispute brought as a class action in court. Specifically, Section 5.2 of the Terms states "Pursuant to FINRA rules, no person shall bring a Brokerage Dispute asserted as a putative or certified class action to FINRA Arbitration, nor seek to enforce any pre-dispute arbitration agreement against any person who has initiated in court a putative class action with respect to a Brokerage Dispute or who is a member of a putative class who has not opted out of the class with respect to any Brokerage Dispute claims encompassed by the putative class action until: (1) the class certification is denied; (2) the class is decertified; or (3) the person is excluded from the class by the court." Plaintiff Shah therefore requests that the Court set a scheduling conference to establish case deadlines and address the efficient management of this putative class action.

The arbitrators in the other two pending arbitrations (*Wion*s and *Haege*) ruled in favor of Respondents on the threshold issue of what dispute resolution clause applies. Counsel for Plaintiffs expects that Plaintiffs Wions/Samemma Holdings and Plaintiff Haege will continue with their individual own arbitration proceedings and will drop from this case as named plaintiffs.

**Defendants' Position**

On August 11, 2025, the Court entered an Order Adopting Magistrate Judge's Report and Recommendation (the "Order") and granting Defendants' Motion to Compel Arbitration. The Order stated as follows: "Defendants' Motion to Compel Arbitration is **GRANTED**, and the parties are hereby **ORDERED** to arbitrate, on an individual basis, all claims and defenses asserted in this action." (Order at 2.) In addition, the Court held: "**IT IS FURTHER ORDERED** that proceedings in this case are **STAYED** pending resolution of arbitration." (*Id*.)

Each of the named Plaintiffs in this case -- *Shah*, *Haege*, and *Wions* – then initiated arbitration proceedings with the American Arbitration Association ("the AAA Arbitrations") and Claimants filed Statements of Claim and Respondents filed Statements of Answer in each of the AAA Arbitrations. Claimants requested in each case that the arbitrators, among other things, "set[] [] a briefing schedule and oral argument for the single arbitrator to rule on the limited issue of which arbitration clause applies to this dispute." In each of the AAA Arbitrations, the arbitrators agreed to Claimants' request to consider the threshold issue of which arbitration clause is applicable.

The arbitrators in the first two cases to reach decision – *Wions* and *Haege* – determined that this case is not a brokerage dispute and that the cases should proceed in AAA and those cases are proceeding. On May 6, 2026, the arbitrator in *Shah* determined that his dispute does constitute a brokerage dispute. That arbitrator held that "Claimant may pursue resolution of his claims before

FINRA as set forth in Section 5.2 of the Terms." The Shah arbitrator further held that "[w]hether FINRA will accept the matter is a question for FINRA and, if necessary, the courts. If FINRA declines, the parties may seek appropriate relief at that time."

Thus, there has been no decision in any AAA Arbitration which would warrant the Court lifting the stay entered in this action. The Plaintiffs were each ordered in their respective AAA Arbitrations to arbitrate the merits of their individual cases either in AAA or FINRA, in accordance with this Court's Order that the parties "arbitrate, on an individual basis, all claims and defenses asserted in this action." In addition, any motion to lift the stay or to amend the Complaint in this action that Plaintiffs may seek to file, which Defendants would oppose, would be futile because, as this Court has already determined, each potential plaintiff needs to have the arbitrability of their dispute determined by an arbitrator. Defendants disagree with Plaintiffs' characterizations that either the 2022 Terms of Use or the *Shah* decision permit a class action against Defendants. Defendants welcome the opportunity to explain their position more fully to the Court at a conference and in subsequent briefing, if necessary.

Defendants respectfully request that the Court hold a status conference at the Court's convenience on or after June 3, 2026 (lead counsel for Defendants will be out of the country from May 26 to that date) so that the parties may discuss these issues with the Court.

Dated: May 11, 2026

Respectfully submitted,

*/s/ Adam Shaw*

BOIES SCHILLER FLEXNER, LLP
Adam R. Shaw, Bar No. 502142
30 South Pearl Street, 12th Floor
Albany, NY 12207
Tel.: (518) 434-0600
Fax: (518) 434-0665
ashaw@bsfllp.com

Marc Ayala (pro hac vice)
333 Main Street
Armonk, NY 10504
Tel.: (914) 749-8200
Fax: (914) 749-8300
mayala@bsfllp.com

LAW OFFICES OF JOSHUA B. KONS, LLC
Joshua Kons (pro hac vice)
92 Hopmeadow Street, Suite 205
Weatogue, CT 06089
Tel.: (860) 920-5181
joshuakons@konslaw.com

STOLTMANN LAW OFFICES, P.C.
Joseph Wojciechowski (pro hac vice)
Stoltmann Law Offices, P.C.
2000 Center Drive, Suite East C218
Hoffman Estates, IL 60192
Tel: (312) 332-4200
joe@stoltlaw.com

**ATTORNEYS FOR PLAINTIFFS**

*/s/ Amy Pharr Hefley*

BAKER BOTTS, L.L.P.
Amy Pharr Hefley
State Bar No.: 24046046
910 Louisiana St.
Houston, TX 77002
(713) 229-1234 (tel.)
(713) 229-1522 (fax)

Daniel B. Rankin
State Bar No.: 24116940
401 S. 1st St., Suite 1300
Austin, TX 78704
(512) 322-2500 (tel.)
(512) 322-2501 (fax)
amy.hefley@bakerbotts.com
daniel.rankin@bakerbotts.com

-AND-

GOODWIN PROCTER LLP
Gabrielle L. Gould
Elizabeth M. Zito
Claire Daly
New York Times Bldg,
620 8th Ave.
New York, NY 10018
(212) 813-8800 (tel.)
(212) 355-3333 (fax)
ggould@goodwinlaw.com
ezito@goodwinlaw.com
cdaly@goodwinlaw.com

**ATTORNEYS FOR DEFENDANTS**