# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **Vipul Shah, Samemma Holdings, LLC, Steve Wions, and Dolph Haege,** *Plaintiffs* | § § § § | |
| **v.** | § § | **No. 1:25-CV-00383-ADA-SH** |
| **CrowdStreet, Inc., Tore Steen, and Ian Formigle,** *Defendants* | § § § § | |

## ORDER

Now before the Court is the Joint Status Report filed May 11, 2026 (Dkt. 42) pursuant to the Court's Order Adopting Magistrate Judge's Report and Recommendation (Dkt. 33).[1] In that Order, the Court ordered the parties "to arbitrate, on an individual basis, all claims and defenses asserted in this action" and stayed all proceedings pending resolution of arbitration. Dkt. 33 at 2.

The parties inform the Court that plaintiffs Vipul Shah, Steven Wions, and Dolph Haege have initiated arbitration proceedings with the American Arbitration Association ("AAA") and received a ruling on the threshold issue whether their dispute must be arbitrated. The parties agree that the arbitrators in the Wions and Haege proceedings found that this case is not a brokerage dispute. Plaintiffs expect that "Wions/Samemma Holdings and Plaintiff Haege will continue with their individual own arbitration proceedings and will drop from this case as named plaintiffs." Dkt. 42 at 3.

---

[1] The District Court referred to this Magistrate Judge all non-dispositive pretrial matters for disposition and all case-dispositive motions for findings and recommendations, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules, and Judge Alan D Albright's Standing Order on referrals to United States Magistrate Judges. Dkt. 3.

The parties agree that the arbitrator in Shah's case determined that his dispute *does* constitute a brokerage dispute, but disagree how that determination affects this litigation. Shah contends that his case should proceed in this Court as a putative class action. Defendants quote the arbitrator's decision as stating that Shah "may pursue resolution of his claims before FINRA" and that the parties may seek relief if FINRA declines to accept the dispute. Dkt. 42 at 4.

The parties did not submit the AAA decisions. They ask the Court to set either a scheduling conference (Shah) or status conference "so that the parties may discuss these issues with the Court" (Defendants). Dkt. 42 at 4.

The Court **ORDERS** the parties, or counsel appearing on their behalf, to appear for a status conference on the issues raised in their Joint Status Report **at 2 p.m. Wednesday, September 9, 2026** in Courtroom 6 on the Sixth Floor of the United States Courthouse, 501 W. 5th Street, Austin, Texas 78701.

The Court **FURTHER ORDERS** the parties to file all decisions issued in Plaintiffs' arbitration proceedings **by Wednesday, September 2, 2026**.

**SIGNED** on May 14, 2026.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE